IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| STEPHANIE CATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:13-cv-0100 |
| ) | |
| MAURY COUNTY JAIL, ) | |
| ENOCH GEORGE, and ) | Chief Judge Haynes |
| DEBRA WAGONSCHUTZ, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Stephanie Cates, a state inmate at the Maury County Jail in Columbia, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Maury County Jail, Sheriff Enoch George, and Debra Wagonschutz Jail Administrator. Plaintiff alleges violations of her constitutional rights arising out of the conditions of her confinement at the Maury County Jail. (Docket Entry No. 1). Plaintiff seeks damages and injunctive relief namely, a transfer to a state prison and improvement of the jail conditions.

According to her complaint, Plaintiff alleges that the conditions at the Maury County Jail are unsanitary and pose a threat to inmate health. Plaintiff cites a "mold infested" environment; rusted air vents, "daily exposure to raw sew[age]", the infestation of spiders and roaches; sleeping mats with black mold, leaky and moldy showers; and standing puddles of water in showers where at least one pregnant inmate slipped and fell. (Docket Entry No. 1, at 5.) Plaintiff further alleges that the food is "water[ed] down" and female inmates do not receive adequate sanitary supplies, including toilet paper and menstrual pads. Plaintiff alleges that inmates do not always receive clean uniforms on a daily basis and do not get "sufficient medical attention." (*Id.*)

Plaintiff also alleges that female inmates are treated differently from male inmates at the Maury County Jail, specifically, the lack of "adequate time outside" and access to the law library. Plaintiff alleges that female inmates, including Plaintiff, "work in the kitchen 96 hours a week for 2 for 1's when the males only got to work 40 hours for their 2 for 1's." (*Id.*). As a state inmate, Plaintiff alleges that she is not receiving the same privileges as state inmates in state prisons.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b) "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to

the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citations omitted)). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2002) (citations omitted).

As to Defendant Maury County Jail, the jail is not a person that can be sued in a § 1983 action. *Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007) (a county sheriff's department is not a "person" subject to liability under § 1983).

Plaintiff names Sheriff Enoch George as a Defendant in his official and individual capacities. For this official-capacity claim, the actual Defendant is the entity that employs Defendant George, namely Maury County. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity of which the official is an agent"). Because Sheriff Enoch George is the person ultimately responsible for the administration of the Maury County Jail, the Court concludes that he is appropriately named in his official capacity. Based upon the Court's Orders in other actions involving the Maury County jail, the Court concludes that Plaintiff states viable claims under the Eighth and Fourteenth Amendments to the United States Constitutions.

As to Plaintiff's allegations about female inmates excessive work hours comparted to male inmates, the Court concludes that Plaintiff states a colorable claim under the Equal

Protection Clause of the Fourteenth Amendment against Defendant George in his official capacity. *Cf. Lothes v. Butler Cnty. Juvenile Rehab. Ctr.*, 243 F. App'x 950, 956 (6th Cir. 2007) (noting that the Equal Protection Clause ensures that female inmates are afforded opportunities comparable to those of similarly situated male inmates); *Sullivan v. City of Cleveland Heights*, 869 F.2d 961, 963 (6th Cir. 1989) (a female plaintiff must establish that she was accorded treatment unequal to that of her male counterparts to proceed with an equal-protection claim).

As to Plaintiff's claims against Defendant Debra Wagonschutz in her official and individual capacity, Plaintiff's official-capacity claims are redundant of her claims against Defendant George as Sheriff, and should be dismissed as unnecessary. Plaintiff does not allege the personal involvement of Defendant Wagonschutz in the deprivations giving rise to her claims, and Plaintiff's individual-capacity claims against this Defendant Wagonschutz should be dismissed.

An appropriate Order is filed herewith.

ENTERED this the 12th day of September, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court